

**New York City Campaign Finance Board**
100 Church Street, 12th Floor, New York, NY 10007
212.409.1800 | www.nyccfb.info

Frederick P. Schaffer
Chair

Gregory T. Camp
Richard J. Davis
Lawrence Moskowitz
Dawn L. Smalls
Members

Paul Seamus Ryan
Executive Director

July 29, 2025

**By electronic mail:**
Robert.Sobelman@usdoj.gov
Lara.Pomerantz@usdoj.gov
Southern District of New York
New York, New York

**Re: Request to Lift Protective Order over Discovery Materials in *United States v. Adams*, No. 24-CR-556 (DEH)**

Hello:

The New York City Campaign Finance Board is a non-partisan agency of the City of New York established by the Campaign Finance Act and the New York City Charter (the "N.Y.C. Charter"), Chapter 46, with its principal place of business at 100 Church Street, 12th Floor, New York, NY 10007. Pursuant to the Act, the Board administers the Campaign Finance Program (the "Program"), which provides public matching funds to candidates for New York City public office. *See* Admin. Code § 3-701 *et seq*. To qualify to receive public matching funds, a candidate must comply with disclosure requirements and requests, spending limits, contribution limits, and other conditions. *See* Admin. Code § 3-703. The Board pays public matching funds to an eligible candidate's designated principal committee based upon contributions eligible for matching funds reported by the committee in disclosure statements submitted to the Board. *See* Admin. Code § 3-703; Board Rule § 7-01(c).

During each city election cycle, the Board makes regular determinations about whether each campaign participating in the Program is eligible to receive matching funds. *See* Board Rule § 7-02. These decisions are based on, among other criteria, each campaign's compliance with applicable laws and regulations. *See* Admin. Code § 3-703; Board Rule § 3-01. A campaign may challenge an ineligibility determination by submitting to the Board a petition pursuant to Board Rule § 7-09 ("7-09 Petition"), which requires the Board to review its ineligibility determination and make a supplemental determination regarding the petition. *See* Board Rule § 7-09. Finally, the Board also conducts post-election audits of all campaigns participating in the Program, in large part to ensure that public funds provided to the campaigns were obtained and used in compliance with applicable laws and regulations. Admin Code § 3-710(1); Board Rules §§ 3-01; 6-02(a); 10-02.

      The Board has a duty to the public to ensure the proper administration of the Program, which includes making eligibility determinations and conducting post-election audits of campaigns based on the most accurate and up-to-date information available. Consequently, the Board has requested documentation and information from Mayor Adams' 2021 and 2025 mayoral campaigns. However, on July 25, 2025, the Campaigns responded to a request for documentation from the Board stating,

> "To ensure a comprehensive and complete response to the Requests, we are working closely with counsel at WilmerHale who represented Mayor Adams and the Committees in connection with the Southern District of New York U.S. Attorney's Office ("SDNY") investigation and prosecution. According to those firms, despite the dismissal of the criminal case against Mayor Adams with prejudice, **the protective order limiting the parties' use of certain discovery provided by SDNY to Mayor Adams for any purpose other than the defense of the case remains in place. As a result, Mayor Adams is not permitted to provide the CFB with third-party documents or communications received from SDNY in discovery that remain subject to the protective order.**"

      For campaigns participating in the Program, penalties for noncompliance with city laws and regulations can result in a finding that the campaign must repay public funds to the New York City Election Campaign Finance Fund. *See* Board Rules §§ 9-01; 9-02. The 2021 Campaign received over $10 million in public funds, meaning that in Mayor Adams' case, such a finding could impose substantial repayment obligations not only on his campaign, but also on Mayor Adams himself. *See* Board Rules §§ 3-01(e)(ii); 9-02(d).

      As such, it is crucial that the Board have access to the materials currently under the protective order to ensure the accuracy of its audit of the campaigns.  **I write to request that under the protective order you authorize Mayor Adams to disclose the material that the Board has requested for its audit and eligibility determination purposes.**

      Thank you for your attention to this matter.

Respectfully submitted,

_____
Joseph Gallagher
General Counsel
New York City Campaign Finance Board
100 Church Street, 12th Floor
New York, New York 10007
(212) 409-1800