UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ERIC ADAMS 2025, ERIC ADAMS, : 25 Civ. 4558 (NGG)
SHARON ADAMS, as treasurer of Eric :
Adams 2025, MARIETTA ROZENTAL, : **ANSWER OF DEFENDANT**
and MALCOLM ADAMS, : **NEW YORK CITY CAMPAIGN**
: **FINANCE BOARD**
           Plaintiffs, : **TO THE COMPLAINT**
:
  -against- : **JURY TRIAL DEMANDED**
:
NEW YORK CITY CAMPAIGN :
FINANCE BOARD, :
:
           Defendant. :
---------------------------------------------------------------x

Defendant New York City Campaign Finance Board, by and through its attorneys Lankler Siffert & Wohl LLP, hereby answers the Complaint of Plaintiffs Eric Adams 2025 ("the Adams Campaign"), Eric Adams, Sharon Adams, as Treasurer of Eric Adams 2025, Marietta Rozental, and Malcolm Adams, dated August 15, 2025, by denying each and every allegation of wrongdoing.  More specifically, this Answer responds to each paragraph of the Complaint as follows:

    1.    Defendant denies the allegations of paragraph 1.

    2.    Defendant denies the allegations of paragraph 2, except admits that the Court in *Eric Adams 2025 v. New York City Campaign Finance Board*, 25-CV-3380 (NGG) (LKE) ("Adams I") upheld Defendant's denial of funds to the Adams Campaign and that a copy of that decision is attached to Plaintiffs' Complaint as Exhibit A.

    3.    Defendant denies the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4, except admits that on August 6, 2025, it denied the Adams Campaign $4.7 million in matching funds because: (1) the Campaign failed to provide to the Board, upon its request and by the deadline set forth by the Board, documents, records, or other information that verifies campaign activity; and (2) the Board had reason to believe that the Candidate had, in the course of public funds program participation, engaged in conduct detrimental to the Program that was in violation of law, including the Campaign Finance Act.

5. Defendant denies the allegations of paragraph 5, except admits that, on August 5, 2025 the Adams Campaign joined in Defendant's request to the United States Attorney's Office for the Southern District of New York to authorize the Adams Campaign to produce documents to Defendant that would otherwise be subject to a protective order.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8, except that venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1).

9. Defendant admits the allegations of paragraph 9, except lacks knowledge or information sufficient to admit or deny the allegation about the county of Plaintiff Mayor Eric Adams's residence.

10. Defendant admits the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11, except lacks knowledge or information sufficient to admit or deny the allegation about the county of Plaintiff Sharon Adams's residence.

12. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 12, except admits that Plaintiff Marietta Rozental contributed $2,100 to the Adams Campaign in May 2023.

13. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 13, except admits that Plaintiff Malcolm Adams contributed $100 to the Adams Campaign in September 2023.

14. Defendant admits the allegations in paragraph 14.

15. Defendant denies the allegations of paragraph 15, except admits that Plaintiffs bring their action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, and Article 78 of the New York Civil Practice Law and Rules and seek damages, and declaratory and injunctive relief. Defendant also admits that Plaintiffs seek a monetary award for their costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

16. Defendant admits the allegations of paragraph 16.

17. Defendant admits the allegations of paragraph 17.

18. Defendant admits the allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19.

20. Defendant admits the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21, except admits that a federal indictment entered against Mayor Adams was publicly unsealed on September 26, 2024 and was dismissed with prejudice by the United States District Court for the Southern District of New York on April 2, 2025.

22. Defendant denies the allegations of paragraph 22, except admits that on April 15, 2025, it notified the Adams Campaign that it had "reason to believe that Eric Adams has, in the

course of public funds program participation, engaged in conduct detrimental to the Program that is in violation of federal, state, and/or City law, including the Campaign Finance Act and Board Rules."

23. Defendant admits the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25, except admits that on June 16, 2025, Defendant directed the Adams Campaign to produce by July 11, 2025, among other things, documents and information related to the charges in the dismissed indictment. Defendant further admits that a copy of the June Document Request is annexed to the complaint as Exhibit B and refers to the exhibit for its complete and accurate contents.

26. Defendant denies the allegations of paragraph 26, except admits that counsel for the Adams Campaign objected to the June Document Request in its July 1, 2025 letter, while *Adams I* was pending in this Court, and asked Defendant to withdraw the June Document Request. Defendant further admits that paragraph 26 contains a quote from the July 1 Letter and that a copy of the letter is annexed to the complaint as Exhibit C.

27. Defendant admits the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28, except admits the allegations in the first sentence and refers to the Court's opinion in *Adams I* for its complete and accurate contents.

29. Defendant admits the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30, except admits that by letter dated July 14, 2025, Defendant granted the Adams Campaign's extension request. Defendant further admits that a copy of the July 14 Letter is annexed to the complaint as Exhibit F.

31. Defendant denies the allegations of paragraph 31, except admits that on July 25, 2025 counsel for the Adams Campaign submitted an initial production of materials to Defendant in response to the June Document Requests. Defendant further admits that a copy of the July 25 Letter is annexed to the complaint as Exhibit G and refers to the referenced document for its complete and accurate contents.

32. Defendant denies the allegations of paragraph 32, except admits that on August 1, 2025 the Adams Campaign submitted an additional response to the June Document Request.

33. Defendant admits the allegations of paragraph 33 and refers to the referenced document for its complete and accurate contents.

34. Defendant admits the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35 except admits that on August 6, 2025, CFB Chairperson, Frederick Schaffer, issued a public statement stating that the CFB was denying the Adams Campaign public matching funds.

36. Defendant denies the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Defendant admits the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39 and refers to the referenced document for its complete and accurate contents.

40. Defendant denies the allegations of paragraph 40, except lacks knowledge or information sufficient to admit or deny truth of the allegations regarding the counsel involved in the production.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42, except admits that it contains a partial quotation from the August 7 Supplemental Notice.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47 and refers to the referenced document for its complete and accurate contents.

48. Defendant admits the allegations of paragraph 48.

49. Defendant admits the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50, except admits that the CFB Rules do not define the term "agent" and that paragraph 50 contains a partial quotation of Section 14-107(1)(g) of the New York State Election Law.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

## WITH RESPECT TO THE FIRST CAUSE OF ACTION

53. Defendant repeats each of its responses set forth above.

54. Defendant admits the allegations of paragraph 54.

55. Defendant admits the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56, except admits that government matching funds programs amplify the speech of candidates who receive the funds.

57. Defendant denies the allegations of paragraph 57, except admits that stricter government regulation than what is normally permissible may be imposed upon matching programs, as candidates and their contributors are not prevented from freely expressing their political speech.  The legislature has merely declined to amplify contributions with tax dollars.

58. Defendant denies the allegations of paragraph 58..

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

## WITH RESPECT TO THE SECOND CAUSE OF ACTION

61. Defendant repeats each of its responses set forth above.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

## WITH RESPECT TO THE THIRD CAUSE OF ACTION

66. Defendant repeats each of its responses set forth above.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

## WITH RESPECT TO THE PRAYER FOR RELIEF

The allegations in the Prayer for Relief (paragraphs (i) through (v) on pages 16-17 of the complaint) contain legal conclusions and requests for relief to which no response is required.  To

the extent that a response is required, Defendant denies the allegations in the Prayer for Relief and further denies that the Plaintiffs are entitled to any of the requested relief.

## GENERAL DENIAL

To the extent that any allegation in the Complaint, including any allegation contained in a heading, is not admitted herein, it is denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of going forward on, or proving, any defense or any fact or proposition necessary to that defense where that burden is properly imposed upon Plaintiffs, Defendant states the following separate and independent additional affirmative defenses.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs failed to exhaust their administrative remedies and may not raise factual or legal claims not previously raised before the Board.

## THIRD DEFENSE

Defendant reserves the right to amend this Answer and assert additional defenses as additional facts are learned in the course of this action.

## COUNTER STATEMENT OF FACTS

Defendant adopts and incorporates the attached Declaration of Paul S. Ryan, Executive Director of the New York City Campaign Finance Board as Defendant's Counter Statement of Facts.

## JURY DEMAND

Defendant hereby demands a jury on all issues so triable.

Dated: August 29, 2025
      New York, NY

                LANKLER SIFFERT & WOHL LLP

By:    /s/ Douglass B. Maynard
       Douglass B. Maynard
       Ramya Kasturi
       Charlotte F. Blatt

       1185 Avenue of the Americas
       New York, NY 10036
       (212) 921-8399

*Counsel for Defendant New York City Campaign Finance Board*