

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

ROBERT A. SPOLZINO
*Executive Partner*
rspolzino@abramslaw.com
Direct: 914-607-7102

*Via ECF & Telefax (718-613-2546)*

September 22, 2025

Hon. Nicholas G. Garaufis
United States District Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Matter of Eric Adams 2025, et al. v. New York City Campaign Finance Board*
    Case No. 1:25-cv-03380-NGG-LKE

Dear Judge Garaufis:

 On behalf of Plaintiffs, we write regarding the documents submitted under seal by the New York City Campaign Finance Board ("CFB") pursuant to the Court's September 19, 2025, order. The CFB's submission makes clear that the CFB's withholding of these records was a blatant attempt to suggest to the Court that the documents held some incriminating evidence that would justify the CFB's denial of millions of dollars in campaign matching funds to the Adams Campaign. The records submitted today support only the CFB's petty argument that the Adams Campaign may have failed to produce some catering receipts from the 2021 Campaign. Missing recipes for appetizers served during a fundraising event do not even establish that the Adams Campaign ever had the documents to produce to the CFB.

 Prior to today, Plaintiffs had no opportunity to review, respond, or challenge the credibility of these documents; nor did the CFB even provide a summary of how the withheld information supported the CFB's claims that the Campaign withheld responsive communications or engaged in conduct detrimental to the Program and in violation of law. The only explanation provided by the CFB as to why these documents must be kept secret was the empty statement that the CFB's "investigation is ongoing." As Plaintiffs have repeatedly stressed, the CFB cannot base its determination on a belief that its investigation might turn up evidence at some unspecified time in the future. *Yarbough v. Franco*, 95 N.Y.2d 342, 347 (2000).

 Moreover, the CFB's reliance upon previously undisclosed records has denied the Adams Campaign its due process right to refute the substance of these records. *Doe v. U.S. Civil Service Commission,* 483 F. Supp. 539 (S.D.N.Y. 1980)) (due process requires agencies to permit individuals to confront and question the sources of allegations against them when those allegations form the basis of adverse decisions). And failure to notify the Campaign of evidence the CFB



considered and relied upon is grounds to set aside the agency's determination. *See Switsky v. Herman*, 10 A.D.2d 959, 959–60 (2d Dept 1960) ("The failure to give notice, to an interested party, of evidence being considered by an administrative body 'is sufficient reason to set aside the determination of the administrative body'") (quoting *Matter of Hecht v. Monaghan*, 307 N.Y. 461, 473 (1954)). Procedural fairness requires that the Adams Campaign has an opportunity to address and challenge the evidence used against it. *Id.*

Time is of the essence in this case, with the CFB's next payment date of October 9 rapidly approaching, and the November 4 New York City Mayoral Election mere weeks away. We urge the Court to disregard these secret documents in determining whether the CFB's actions in denying the Campaign matching funds were arbitrary and capricious and unconstitutional under the First and Fourteenth Amendments.

Respectfully yours,

Robert A. Spolzino

cc: Douglass Maynard, Esq. (dmaynard@lswlaw.com)